IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| DOUGLAS R. BOESE, | ) | Cause No. CV 05-113-GF-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER TO APPLY TO NINTH CIRCUIT |
| | ) | FOR LEAVE TO FILE SECOND OR |
| WARDEN MIKE MAHONEY, | ) | SUCCESSIVE PETITION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On November 14, 2005, Petitioner Douglas Boese filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. Boese is a state prisoner proceeding pro se.

On December 16, 2002, Boese filed his first petition for a writ of habeas corpus in this Court. See Pet. (Court's doc. 1), Boese v. MacDonald, No. CV 02-112-GF-SEH (CSO) (D. Mont. Dec. 16, 2002). This Court issued Findings and Recommendation on January 31, 2003, recommending that the petition be dismissed with prejudice for lack of merit. See Findings and Recommendation (Court's doc. 2) at 29, Boese, No. CV 02-112-GF. On March 6, 2003, United States District Judge Sam E. Haddon adopted the Findings and Recommendation and dismissed the petition. Judge Haddon denied a certificate of appealability on March 24, 2003. On December 29, 2003, this Court received a certified copy of an

Order of the Ninth Circuit Court of Appeals denying a certificate of appealability.

In this action, Boese challenges the same conviction and sentence that were at issue in his first petition. See Pet. (Court's doc. 1) at 4;[1] Findings and Recommendation at 7-8, Boese, No. CV 02-112-GF. In fact, the robbery conviction is the only one of Boese's convictions that has not expired. See CON Network, http://app.mt.gov/cgi-bin/conweb/conwebLookup.cgi?docid=A024525.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner who has already filed one federal petition must move for an order from the Ninth Circuit Court of Appeals authorizing this Court to consider a second or successive petition. See 28 U.S.C. § 2244(b)(3). Because Boese's first petition was adjudicated on the merits, Boese may not proceed in this Court but must first obtain from the Ninth Circuit Court of Appeals permission to file a second petition.

For Boese's information, 28 U.S.C. § 2244(b) states as follows:

(b)  (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

---

[1] Boese numbered this page "1 of 11." The Court's electronic docketing system numbers each page successively and so shows the same page as page 4.

 (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or

  (B)  (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 (3)  (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

  (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

  (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

  (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

  (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

>   (4) A district court shall dismiss any claim presented in a
>   second or successive application that the court of appeals
>   has authorized to be filed unless the applicant shows that
>   the claim satisfies the requirements of this section.

Based on the foregoing, the Court enters the following:

**ORDER**

1. On or before **January 6, 2006,** Boese shall file an application with the Ninth Circuit Court of Appeals for an order authorizing this Court to consider his Petition in this case. He must use the form included with his service copy of this Order. The application shall be addressed as follows:

>   Clerk of Court
>   U.S. Court of Appeals for the Ninth Circuit
>   P.O. Box 193939
>   San Francisco, CA  94119-3939

Boese is cautioned that his failure to timely file an application with the Ninth Circuit will result in a recommendation that his Petition be dismissed as an unauthorized second or successive petition.

2. Boese shall file a status report in this case on or before **January 31, 2006,** informing the Court whether he has filed an application in the Ninth Circuit. If he has filed the application, he shall inform this Court of the Circuit's cause number assigned to his action and shall state whether any action has been taken on the application. If he has not filed the

application, he shall show cause why this action should not be dismissed with prejudice as an unauthorized second or successive petition.

3.  With Boese's service copy of this Order, the Clerk of Court shall include:

- the Ninth Circuit's "Application for Leave to File Second or Successive Petition";
- Circuit Rule 22-3;
- Boese's Petition in CV 02-112-GF-SEH(CSO);
- the Findings and Recommendation of January 31, 2003, in CV 02-112-GF-SEH(CSO); and
- Judge Haddon's Order of March 6, 2003, in CV 02-112-GF-SEH(CSO).

4.  Boese is cautioned that he must keep this Court and the Ninth Circuit Court of Appeals advised of any change of address while this action remains pending.

DATED this 1st day of December, 2005.

/s/ **Carolyn S. Ostby**
Carolyn S. Ostby
United States Magistrate Judge